Judge Mills
delivered the Opinion of the Court.
This is a hill brought by the plaintiff in error, in which he alleges that he possesses a lot in Mount-sterling, to which ho sets out a chain of conveyance.-: down to himself, commencing with a certain'individual, «hose title lie docs not explain, and he alledges that he and those under whom he claims, have had absolute uninterrupted adverse possession tker'1' of, for about twenty-ihe years,
Bin for in-j-.motion r~ threatened(>-, tle.cri-birit afjjl a/j18" tvr.Viricii, „u the merits '’“'I*1’'*'’ menW^foV complaia.mf, °“° ofpvhioU ¡athis1 court.
Prayer of the ^notfo'n m' J
Demiirverand oirotó court dismissing the bill.
Defen(-|anpj=; argument against the jor-i‘!'-hction.
Equity imv ^7,!u an°enr u> éjeoimoníftopfovent op, ü,xoil?;”ea 4!. Fanlant po.-uc.-,
He then alleges, that the defendant set up title thereto, and brought two ejectments in suc'-i-osion, ami prosecuted each of (hum to -some extent, so as to put him to some costs and trouble in defending then), and then dismissed then]. Tsat" the defendant broug!)!. a third, and prosecuted the name lo a fui! 1 s-ial on the merits, and a verdict was found for the complainant, and a motion was «¡¿de for a ne,v tria1, because the verdict was cord racy to evidence, and overrule;!, and an exception taken, ami the evidence spread upon record, and on an appeal to this court, the judgment was ¡:;ür-r-;-d on the evidence, -That the defendant '¡.bon brought a fourth ejectment, and prosecute-:! the same toa full arid laborious trial on fi-.e merits, when another verdict and judgment was rendered for him the complainant, which remains nnaJiciod. That the deíi-ndaní, relying on his superior woalth and means, threatens to bring a fifth ej-clmen) and harrass him again,
He prayed fu-, am! obtained an injunction, resU-aining iurfher proceedings at law, and he prays that this injunction may be perpetuated, and his title established and quieted. ’
To this bill there was a demurrer, which the court below sustained, and dismissed the bill with costs, and (o reverse that decree, this writ of error is pros-ended.
If is now insisted, for the defendant in error, who was also the defendant below, that the two ejectments broughf and dismissed before a trial, can have no weight in support of the bill, and that no precedent can be found where the chancellor has sustained' a, bill and quieted a title, unless there had been three verdicts, and that the court ought not to sustain this hi}!, without a precedent, asid thus enlarge the jurisdiction of the chancellor upon the ground exclusively occupied by a court of law.
it is true, that this is ore of that kind of bills, in which the chancellor docs take hold of, and manage a question purely legal, and the legality of the matier is not weakened even by twenty verdicts. It belongs to that class of bills called in the books bills of peace, and the chancellor for peace-sake thus in ícrFí-j-s in a legal controversy. On the trial thereof, *428 the chancellor will not blindly establish the title always, notwithstanding there may have been numerous verdicts, without looking into the title himself, and being satisfied that the party asking redress has some, solid foundation for the claim which lie asserts.
Bills (o enjoin the prosecution' of ejectments mid of peace, arc Confined to eases where complainant bus Fnlisl'aotmily eHablisheii tiis title at law, and where the parties ¡ire so numerous thal an issue out of chaneery is noces-
vVJies;c there have been givii verdicts and judgments in ojoctmaits for the occupant, ana one of ■(hem aflirmed inthi- court, and two <:t - oís brought and c.1 smisaotl, n bill for injunction against a fifth js not tlcmurrab'.c, bntpn-na facie nmiutuiu !> No.
It is not therefore, on the number of verdicts, that > the chancellor extends his interference, but for the prevention of oppression and the multiplicity -of suits.
It is also true, that such a.bill is allowed in but two cases, the one is where the plaintiff has first satisfactorily established his title at law, or where the persons who controvert it are so numerous, as to render an issue under the direction of a court of equity indispensable to embrace all the parties concerned, and to save numerous suits. 2 John. Cby. Rep. 282.
in this ease there is but one, litigant opposed to the title, and under the rule before cited, it was indispensable. that, the title should he first 1ried ^.tlaw, which here, lias been done. In Tenham vs. Herbert, 2 Adk. 483; Lord Hardwich refused to interfere until the title was tried at law; he. did not refuse because it liad not been tried a certain number of times, but because there had been no trial at law. No doubt if there had been a satisfactory establishment at law, he would have extended relief.
Here, there arc two verdicts on the. merits, and also an í.iSi manee on the merits, even upon the evidence in a revising court, which ought to weigh something, at least, equal to a third verdict, and < herefore, prima facie, that was sufficient ground for tlie interposition of tlie cliancelloivespeciafiy when units had been brought and dismissed', having the appearance of an intention of harras«ing the complainant, and lessening the value of the estate.
There will be less danger to the title of the defendant, if any he has, notwithstanding there may not,, have been a sufficient number of verdicts, in sustaining'the bill on demurrer, than may be supposed.
For if he shall shew by way of defence, any good grounds to bclievethai these verdicts were not on fair trials of the. merits or that his claim is superior, the chancellor may indulge him hi another trial at law, *429 if he shall choose it, before his right is concluded. We therefore conceive that the court below erred in sustaining the demurrer*
Triplett for plaintiff; Jas. Trimble for defendant.
The decree must therefore be reversed'with costs, and the cause be remanded with directions to overrule the demurrer, and direct an answer according to the rules of equity.